Argued and submitted July 15, reversed and remanded December 17, 1986

STATE OF OREGON,
*Appellant,*

*v.*

JAMIE LEE FIX,
*Respondent.*

(B67-631; CA A39080)

730 P2d 601

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Robert C. Homan, Eugene, argued the cause for respondent. On the brief was Rush M. Hoag, Public Defender's Services of Lane County, Inc., Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The state appeals an order suppressing evidence obtained as the result of a warrantless search of defendant's purse. We hold that the search was justified under the "automobile exception" to the warrant requirement, *see State v. Brown,* 301 Or 268, 721 P2d 1357 (1986), and *State v. Bennett,* 301 Or 299, 721 P2d 1375 (1986), and reverse and remand.

On the evening of September 13, 1985, a Cottage Grove police officer investigated a complaint that two men armed with pistols had threatened another man. The victim told the officer that the two men had pointed guns at him and that one of them had stated, "I don't usually stick this to people's heads unless I'm going to blow it off." The two men then left the area in a blue pickup truck, accompanied by two women. The victim also told the officer that, earlier that day, one of the men had "repeatedly" opened and closed a switchblade knife while offering to kill someone for the victim. The victim's information was relayed to police dispatch.

Shortly thereafter, an officer stopped a blue pickup truck which matched the suspect vehicle's description and which was occupied by two males and two females. The occupants were ordered to get out of the truck and lie on the ground; they were then frisked by the officers. The officers found a .38 special cartridge in the pocket of one of the men. They took two knives from the other man. All four subjects were handcuffed and placed in police cars. One of the officers then searched the truck. He seized a switchblade knife from the bench seat of the truck. He also opened a purse found on the passenger side floorboard; it contained a loaded .38 special pistol. He seized the pistol and also a semi-automatic pistol found on the dashboard. The purse later was identified as belonging to defendant. She was charged with carrying a concealed weapon. ORS 166.240(1).

Defendant moved to suppress the pistol taken from her purse under Article I, section 9, of the Oregon Constitution. The trial court granted the motion. The state argues that the warrantless search was valid as a search incident to arrest *and* under a probable cause with exigent circumstances theory. We need not address the search incident to arrest argument, because we agree that this case fits within the "automobile exception."

■     As a preliminary matter, defendant suggested at oral argument that the state was not entitled to raise a probable cause plus exigent circumstances theory on appeal, because the state did not argue that theory below. We disagree. It is true that the state did not argue that an "automobile exception" applies here, but it did contend that probable cause with exigent circumstances justified the search.[1] Given (1) that the "automobile exception" is a particular application of the probable cause with exigent circumstances exception to the warrant requirement, (2) that *Brown* and *Bennett* were not decided until after the hearing on the motion to suppress and (3) that, before those cases, we had held that there was no distinct "automobile exception" under Article I, section 9, *State v. Kirsch,* 69 Or App 418, 421, 686 P2d 446, *rev den* 298 Or 151 (1984), the state adequately raised the theory on which it relies here.

In *State v. Brown, supra,* the court held that "probable cause to believe that a lawfully stopped automobile which was mobile at the time of the stop contains contraband or crime evidence justifies an immediate warrantless search of

---

[1] The state argued:

"In addition to being justified as a search incident to arrest, the search was also justified based upon officer and public safety. *State v. Lawson,* [37 Or App 739, 588 P2d 110 (1978)]. At the time of the search, the officers were aware of the probable presence of the guns in the vehicle. Also, two of the subjects, the girls, were not under arrest and would be released and have access to the guns if they were not found by the officers. Under the circumstances, it was reasonable for the officers to search for and seize the guns."

The state also argued:

"[T]he state would point out that there are exigent circumstances associated with this case and the search of that particular purse. This woman had been seen with individuals who had been brandishing firearms and were under suspicion for assault, were eventually charged with menacing, in an incident where she was seen leaving the scene with these individuals. The same exigent circumstances that justify the officers securing her from the weapon upon the initial stop of the vehicle remained, if the weapons are left in the vehicle when the male subjects are put under arrest and she is left with the vehicle. In fact, the possible destruction of the evidence being an exigent circumstance again, would justify the search of a closed container at the scene of the crime within the proximity of the arrest.

"* * * * *

"Your Honor, the defense basically contends that there were no exigent circumstances for the search of the purse and points out that there were exigent circumstances in *State v. Lawson,* [*supra*]. I would point out that the exigent circumstances he points out in *State v. Lawson* are basically very similar to the exigent circumstances in this case."

the *entire automobile* for the object of the search, despite the absence of any additional exigent circumstances." 301 Or at 277. (Emphasis supplied.) "Entire automobile" includes closed containers within the automobile. *See State v. Bennett, supra.*[2] The scope of the search must be reasonable:

"As stated in [*United States v.*] *Ross,* [456 US 798, 102 S Ct 2157, 72 L Ed 2d 572 (1982),] the scope of a warrantless search is defined by

' * * * the object of the search and the places in which there is probable cause to believe that it may be found. Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase. Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab.' 456 US at 824.

"Thus, in this case since there was probable cause to believe that the gun was in the black purse in the trunk of the car, the scope of the search and seizure of the gun was reasonable." *State v. Brown, supra,* 301 Or at 279.

■ Defendant does not dispute that the truck was lawfully stopped or that it was mobile at the time of the stop. The officers had probable cause to believe that the two male passengers had committed a crime and that evidence of that crime (the guns) would be in the truck. Defendant's purse was large enough to contain a gun. The search was lawful.

Reversed and remanded.

---

[2] In *Bennett,* the officers had probable cause to believe that 10 pounds of marijuana were somewhere in the vehicle they had stopped. 301 Or at 304. The court upheld the warrantless search of several closed containers, including a suitcase found on the back seat of the vehicle and two footlockers, a backpack, a camouflage bag, a briefcase and a grocery bag found in the locked trunk.