Argued and submitted June 9, 1986, affirmed January 28, 1987

## STATE OF OREGON,
*Appellant,*

*v.*

## CINDY ALICE VANDEHEY,
*Respondent.*

(8509-1914; CA A38046)

731 P2d 1049

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Daniel R. Murphy, Lebanon, argued the cause for respondent. With him on the brief was Baisinger & Murphy, Lebanon.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The state appeals an order suppressing evidence seized from defendant's car after an accident. The trial court held that the search was illegal, because probable cause and exigent circumstances did not exist.[1] We agree and affirm.

While defendant was driving home from the beach, she apparently attempted to pass a car and lost control when she swerved to avoid a collision with an oncoming car. A deputy sheriff arrived at 4:20 p.m. and observed a car in the ditch with defendant and small children inside. The deputy testified that two eyewitnesses told him that defendant's driving had been erratic, that she had been speeding, that she had "tailgated" them and that she had made other unsafe attempts to pass. He also testified that his initial observation impressed him that defendant was incoherent and "totally out of it." He did not detect the odor of intoxicants and did not see any indication that she had hit her head, although he could only see one side of her face and head and had only 20 to 30 seconds to talk to her before paramedics removed her to an ambulance.[2] He testified that he asked her for her driver's license but got no response. Defendant testified that the deputy asked for her license, but the paramedics removed her before she could respond. She also testified that she took her purse, which contained her license, with her.

The deputy asked the paramedics about her condition, and they described her as "spaced out." He interpreted that to mean that she was under the influence of some type of drug. At the hearing she denied being under the influence of any drug and said that she did not then know whether she had suffered a blow to her head in the accident. She admitted that, in her dazed condition, she may have confused whether she was answering questions by the deputy or by paramedics. She testified that she was scared and was crying and shaking. She also testified that, while she was still in the car, she had given the officer her name, spelled her last name, told him where she was going and told him where she was coming from.

---

[1] The state fails to address directly the basic question at hand: Was the deputy's entry into the vehicle justified. Instead, it simply argues "three theories to justify the officer's opening of defendant's purse."

[2] At the hospital later, the deputy learned that defendant had suffered a blow to her head.

After defendant was taken to the hospital, the deputy searched the interior of the vehicle for intoxicants, finding none. He also searched a "purse"[3] that he found on the floor on the passenger side. In it was a metal can containing marijuana leaves and seeds, two small wood pipes and a brass waterpipe. He continued to search it, trying to find a driver's license. He found a coin purse, opened it and discovered small, clear, plastic bags containing white crystalline powder, which turned out to be methamphetamine. He did not find a driver's license.

When he left the scene, he testified, the vehicle was inoperable, straddling the ditch, and no adults remained in the car. He had it towed, but he did not have it impounded. He went to the hospital, and defendant provided her license to him at that time. He testified that he cited her for careless driving and for endangering the welfare of a minor.

■ The Supreme Court created an "automobile exception" to the warrant requirement of Article I, section 9, of the Oregon Constitution in *State v. Brown,* 301 Or 268, 721 P2d 1357 (1986), as a particular application of the probable cause with exigent circumstances exception. *See also State v. Fix,* 83 Or App 107, 730 P2d 601 (1986). The test for probable cause to search a vehicle and its contents is "whether a magistrate could issue a constitutionally sound warrant based on the probable cause articulated by the officers." *State v. Brown, supra,* 301 Or at 276. The probable cause requirement to support a warrant means that the facts must be such as would lead a reasonable person to believe that seizable things will probably be found in the location to be searched. *State v. Anspach,* 298 Or 375, 380, 692 P2d 602 (1984).

■ The state contends that probable cause to search for drugs existed, because witnesses had told the officer that defendant had been speeding and tailgating, because she had lost control of her car, because when he first encountered her she was incoherent, because in his experience she looked like others he had seen under the influence of drugs and because the paramedics had told him that she acted "spaced out," which he believed meant that she was under the influence of a drug. The officer, however, also testified that defendant's

---

[3] Defendant called it a "beach bag."

appearance and incoherence were consistent with trauma suffered in an accident. He also acknowledged that drivers tailgate and lose control of their vehicles for reasons other than being intoxicated. The statement made by the paramedics about defendant's actions could also describe a wholly non-criminal condition. He never detected any odor of intoxicants. The sum of the facts do not indicate that contraband would probably be found in defendant's vehicle. There was not probable cause to support a search.[4]

■ The search was not valid as incident to an arrest either. In *State v. Kock, supra* n 4, 302 Or at 32, the Supreme Court held invalid a search that was independent of the arrest. In this case, an arrest did not occur, so a search could not flow from or be incident to an arrest. *See also State v. Smith,* 82 Or App 636, 729 P2d 10 (1986). There was no reasonable basis for a warrantless search of defendant's vehicle, let alone the bag in it. The trial court did not err in granting the motion to suppress.

Affirmed.

---

[4] Even if probable cause to search existed, no exigent circumstances supported an immediate search. Mobility of a vehicle creates the exigency under the automobile exception. *State v. Brown, supra,* 301 Or at 277. The deputy testified that defendant's vehicle was inoperable. It was immobile when he first encountered it. Defendant was removed from the scene and taken to the hospital, and no occupants remained. *See State v. Kock,* 302 Or 29, 725 P2d 1285 (1986).