Argued and submitted July 20, reversed and remanded for new trial October 19, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# ROGER MICHAEL CROOK,
*Appellant.*

## (C86-08-33826; CA A47137)

762 P2d 1062

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits, Judge, and Riggs, Judge pro tempore.

RIGGS, J. pro tempore

**RIGGS, J.** pro tempore.

Defendant appeals his conviction for burglary in the second degree after a trial on stipulated facts. He challenges the denial of his motion to suppress. We reverse and remand for a new trial.

At 6 a.m. on April 29, 1986, Officer Larkin of the Portland Police Bureau received a radio report that a burglary of a store was in progress. The broadcast included a description of the suspect's height, weight, age and clothing, as well as information that the suspect had been seen moving items of stolen property to a full-sized green station wagon displaying out-of-state license plates. Larkin drove immediately to the store, where he spoke with the store owner and two employes who showed him examples of the items of equipment that had been stolen. While he was at the store, he received a series of radio dispatches reporting the make and license number of the suspect's vehicle and that the vehicle was parked in front of a doughnut shop at an intersection approximately one mile from the store.

The officer went to the location of the vehicle, arriving there between 6:12 and 6:18 a.m. Two other police cars circled the block, looking for the suspect. As he approached the car, Larkin recognized the stolen property, clearly visible through the open window in the back of the station wagon. The hood of the car was still warm, and the key was in the ignition. The driver's side door was shut but was not closed tightly or locked.

Without attempting to obtain a warrant, Larkin searched the vehicle and seized documents which identified defendant. Using those documents, the police were able to obtain a picture of defendant.[1] An eyewitness was later shown a series of photographs containing that picture of defendant, and he identified defendant as the burglar. Defendant's motion to suppress the evidence seized from the car and the eyewitness' identification was denied on the basis that the unknown whereabouts of the suspect at the time of the search provided exigent circumstances justifying a warrantless vehicle search.

---

[1] The source of this photograph is not disclosed by the record.

The state argues, and the trial court agreed, that the "manhunt" in progress when Larkin first encountered the station wagon made it necessary for the officer to determine quickly the identity of the suspect and that that necessity provided the exigent circumstances justifying the warrantless search. That showing is insufficient, however, to justify a warrantless search of an unoccupied automobile. Larkin did not participate in the manhunt and was free to remain with the car to maintain its security while a warrant was obtained. The officers engaged in the actual search for the suspect had already been provided with a description adequate for the immediate purposes, and no information readily obtainable from the automobile was likely to aid them in the search, particularly in the period of time during which a search of the surrounding neighborhood could be expected to be fruitful.

■ The trial court ruled that the search also was proper because the vehicle was parked in violation of a local ordinance prohibiting a car from being parked with the keys still in it. Even assuming that such an ordinance exists,[2] its apparent violation does not create the type of exigent circumstances contemplated by the Oregon vehicle exception to the warrant requirement. *See State v. Kock,* 302 Or 29, 33, 725 P2d 1285 (1986). Moreover, it is clear from the record that Larkin did not consider any violation of local parking ordinances when he decided to search the car without a warrant.

■ Similarly, the warrantless search of defendant's automobile cannot be justified on the state's theory that the car was abandoned. The state presented no evidence that Larkin believed the automobile to be abandoned, and the trial court did not make any finding on abandonment. Some such evidence must be produced in order to ensure that the abandoned property exception does not swallow up the warrant requirement in all instances of property which the police find unattended. In *State v. Belcher,* 306 Or 343, 759 P2d 1096 (1988), by contrast, the trial court made a specific finding of abandonment.

■■ The stolen property in the automobile was in plain view, and its discovery was not a product of an illegal search. Therefore, evidence of its presence in the vehicle should not be

---

[2] No such ordinance has been cited by the parties.

suppressed. *See State v. Tremaine,* 56 Or App 271, 641 P2d 637 (1982); *State v. Miller,* 45 Or App 407, 608 P2d 595, *rev den* 289 Or 275 (1980). The papers identifying defendant as the operator of the automobile, however, must be suppressed. The state stipulated that the photograph of defendant was derived from the evidence found in the car. That photograph and testimony about the identification made in the subsequent photo "throwdown" therefore must also be suppressed. Although defendant's motion also requested suppression of any in-court identification, this court cannot rule on the admissibility of all such evidence on this record. On remand, the trial court must determine whether any eyewitness identification has a sufficient basis independent of the "throwdown" process to justify its admission.

Reversed and remanded for a new trial.