Argued and submitted May 31, reversed and remanded for a new trial
September 6, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# PATRICIA MARIE GIFFEN,
*Appellant.*

## (10-87-10144; CA A49855)

778 P2d 1001

Diane M. DePaolis, Eugene, argued the cause for appellant. With her on the brief was DePaolis, Evans, Shepard & Vallerand, Eugene.

Janet Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were David Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

### EDMONDS, J.

Defendant appeals from a conviction for unlawful possession of a controlled substance. ORS 475.992(4)(b). She assigns as error the trial court's denial of her motion to suppress contraband seized from her vehicle.[1] We reverse.

While police were conducting a search of defendant's residence pursuant to a warrant, she arrived and was arrested. Defendant denied that items previously seized by the police pursuant to the warrant belonged to her. The police located defendant's car parked on the street approximately 100 feet from her residence. After she refused to consent to a search of her car, it was searched and contraband was seized.

The state argues that the contraband was admissible because (1) it was seized incident to defendant's arrest; (2) the seizure falls within the mobile automobile exception to the requirement that a search warrant be obtained; and (3) the admission of the evidence of the contraband, if error, was harmless.

■■ A search incident to an arrest will be upheld only if it is close to the arrest in time, space and intensity. *State v. Caraher*, 293 Or 741, 653 P2d 942 (1982). It must be for evidence that could be concealed on the person of defendant or in belongings in her immediate possession at the time of the arrest. *State v. Owens*, 302 Or 196, 200, 729 P2d 524 (1986). Here, defendant was not in possession of the evidence immediately before the arrest, and the police did not separate defendant from the evidence by the arrest. It was beyond her immediate control in a parked car some 100 feet from the scene of the arrest. We conclude that the seizure cannot be upheld as incident to defendant's arrest. *See State v. Vaughn*, 92 Or App 73, 78, 757 P2d 441, *rev den* 306 Or 661 (1988).

■■ The mobile automobile exception is also inapplicable. A parked, immobile and unoccupied car cannot be searched pursuant to that exception, there must be other exigent circumstances. *State v. Kock*, 302 Or 29, 33-34, 725 P2d 1285 (1986). Defendant had already been arrested and her keys seized when the search of the vehicle occurred. There is no

---

[1] We do not address defendant's other assignment of error, because it lacks merit.

evidence to support an inference of exigency. The trial court erred in denying defendant's motion to suppress.

The state argues that any error was harmless, because defendant's conviction was independently based on controlled substances found in her residence. To affirm, despite error, requires substantial and convincing evidence of guilt and a finding that it is unlikely that the error influenced the result. *State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987). A principal issue was defendant's credibility, because she denied ownership of controlled substances found in her residence. It is apparent from the remarks of the trial court that it considered the inadmissible evidence seized from defendant's car when it found her guilty of possession. For that reason, the error cannot be harmless.

Reversed and remanded for a new trial.