Argued and submitted April 5, affirmed November 13, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL ERIC CROMWELL,
*Appellant.*

## (10-89-00870; CA A64510)

820 P2d 888

Michael E. Ford, Springfield, waived oral argument for appellant. With him on the brief was Naslund, Budge & Ford, Springfield.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

Buttler, P. J., dissenting.

## DE MUNIZ, J.

Defendant appeals his conviction for unlawful possession of a controlled substance. ORS 475.992. He asserts that the trial court erred by denying his motion to suppress evidence obtained from a warrantless search of the passenger compartment of his pickup truck. We affirm.

The facts are not in dispute. On January 19, 1989, Oregon State Police Officers Collins and Houlihan responded to a report of a prowler near a residence in Eugene. The resident told the officers that she had heard noises in the yard and then saw a vehicle drive down the road toward a boat landing, where the road dead ends. Collins located defendant's truck parked in the middle of the roadway with its parking lights on. Defendant and a companion were seated in the truck with a jacket on the seat between them. When Houlihan arrived, he asked defendant what was underneath the jacket. Defendant lifted the jacket, revealing a small round container, which defendant told the officers contained marijuana. Collins asked defendant if he had more drugs in the truck, and defendant produced a bag of marijuana from his pocket. The total amount of marijuana was less than one ounce. Collins asked defendant, again, whether there were more drugs in the truck. When defendant responded negatively, Collins requested permission to search the truck. The trial court found that defendant initially denied Collins' request but consented when Collins told him, "[I]f I don't get consent, I'll impound and search it anyway." Collins then searched the truck and found methamphetamine in a container in the pocket of a jacket that was on the seat of the pickup.

Defendant argues (1) that the search was not a permissible search incident to arrest, because possession of less than an ounce of marijuana is not an arrestable offense; (2) that ORS 167.247[1] is void for vagueness; (3) that the "automobile exception" to the search warrant requirement

---

[1] ORS 167.247 provides:

"A district attorney or peace officer charged with the enforcement of ORS 167.212 and 167.222, having personal knowledge or reasonable information that controlled substances are being unlawfully transported or possessed in any * * * vehicle * * * may search the same without warrant and without an affidavit being filed."

does not apply, because the truck was parked when the officers encountered it; and (4) that defendant's consent to search the truck was invalid, because the officers obtained his consent through coercion. The state argues that defendant's consent was not involuntary, because Collins did not threaten to do anything that he was not legally entitled to do, and that, in any event, consent was unnecessary, because the search was authorized under ORS 133.072,[2] ORS 133.535,[3] ORS 167.247 and the automobile exception.[4] We hold that the search was authorized under the automobile exception to the warrant requirement. Therefore, we need not reach defendant's other arguments.

Defendant does not challenge the lawfulness of the stop, Houlihan's question about what was under the jacket or Collins' question about whether there were more drugs in the truck. Defendant's sole challenge is to the validity of the search that revealed the methamphetamine.

Police officers may conduct a warrantless search of an automobile provided that

> "the automobile is mobile at the time it is stopped by police [and] probable cause exists for search of the vehicle." *State v. Brown,* 301 Or 268, 274, 721 P2d 1357 (1986).

Defendant asserts that the automobile exception is inapplicable, because the officers did not have probable cause to search his truck and the truck was parked when the officers encountered it.

■ Police must have "probable cause to believe that a person's automobile * * * contains *contraband* or crime evidence." 301 Or at 276. (Emphasis supplied.) Possession of less than an ounce of marijuana is a violation, not a crime.

---

[2] ORS 133.072 provides:

"When a person has committed a violation * * * in the presence of a peace officer, the officer * * * may stop and detain a person for a violation offense for the purposes of investigation reasonably related to the violation offense * * *."

[3] ORS 133.535(3) provides:

"Property that has been used, or is possessed for the purpose of being used, to commit or conceal the commission of an offense [is subject to search and seizure]."

[4] The trial court found that defendant validly consented to the search and that the search was authorized, without defendant's consent, by ORS 133.535(3) and ORS 167.247.

ORS 475.992(4)(f). Consequently, when Collins and Houlihan discovered the marijuana, they did not have probable cause to arrest defendant. *See* ORS 133.310. Nonetheless, marijuana is contraband and is subject to seizure. ORS 133.535(2). The lack of probable cause to arrest defendant for a crime does not mean that the officers lacked probable cause to believe that defendant's truck contained more marijuana.

> "Although possession of less than one ounce of marijuana does not itself create probable cause to search for more, it is still relevant in determining whether probable cause exists. Other facts * * * may unite with the possession to produce the necessary level of probability." *State v. Tallman,* 76 Or App 715, 721, 712 P2d 116 (1985).

Defendant voluntarily revealed marijuana that was located in separate containers under his jacket on the seat and in his shirt pocket. The fact that the marijuana was located in two different locations is an additional fact, when combined with admitted possession, to provide probable cause to believe that other caches of marijuana would be found elsewhere in the truck.

■■ Once a search produces evidence sufficient to cite a person for a traffic violation, police may not continue searching for more evidence of the same offense. *State v. Porter,* 312 Or 112, 120, 817 P2d 1306 (1991). However, that limitation does not apply if further evidence of the same type would establish a more serious offense. 312 Or at 120. In *Porter,* an officer lawfully stopped the defendant and noticed an open beer can in plain view in the defendant's automobile. The officer then searched the car to see if there was another can with a greater amount of beer in it. 312 Or at 120. The search uncovered methamphetamine and drug paraphernalia. The court held that the search exceeded the permissible scope of ORS 810.410(3),[5] because

> "[n]o statute provides that possession of a greater quantity of alcohol in open containers is a more serious offense. In

---

[5] ORS 810.410(3) provides:

"A police officer:

"* * * * *

"(b) May stop and detain a person for a traffic infraction for the purpose of investigation reasonably related to the traffic infraction, identification and issuance of citation."

addition, whether defendant carried one or ten open containers was irrelevant to '*the* traffic infraction' * * *. When the officer found and seized from defendant's car the open can containing beer, he had all the evidence that he needed to cite defendant for violating the open container law." 312 Or at 120. (Emphasis in original.)

*Porter* is not controlling here. Possession of an ounce or more of marijuana is a more serious offense than possession of less than an ounce. ORS 475.992(4). Consequently, Collins and Houlihan were not precluded from searching defendant's car after discovering less than an ounce of marijuana.

██ The automobile exception does not apply to a vehicle that is parked, immobile and unoccupied when police encounter it, unless there are exigent circumstances in addition to the vehicle's "potential mobility." *State v. Kock,* 302 Or 29, 33, 725 P2d 1285 (1986).[6] Defendant's truck was not unoccupied when the officers encountered it. Defendant and his companion were sitting in it, parked in the middle of a road, with the parking lights on. The truck was not actually in motion when police encountered it, but to say that it was "immobile" draws too fine a distinction. The truck was "mobile" in that defendant could have driven away at any moment. The fact that defendant had not yet turned the key was merely fortuitous. *See State v. Hartley,* 96 Or App 722, 728, 773 P2d 1356, *rev den* 308 Or 331 (1989) (Warren, J., concurring). The search of defendant's truck was lawful, and the trial court correctly denied his motion to suppress.

Affirmed.

**BUTTLER, P. J.,** dissenting.

Because I disagree with the majority's conclusion that the so-called automobile exception, *State v. Brown,* 301 Or 268, 721 P2d 1357 (1986), as extended by *State v. Kock,*

---

[6] Our cases in which we have found the automobile exception inapplicable involved automobiles that were either unoccupied or inoperable when the police confronted the suspect. *See State v. Giffen,* 98 Or App 332, 778 P2d 1001 (1989); *State v. Crook,* 93 Or App 509, 762 P2d 1062 (1988); *State v. Nicholson,* 89 Or App 306, 748 P2d 1028, *rev den* 305 Or 672 (1988); *State v. Vandehey,* 83 Or App 325, 731 P2d 1049 (1987); *compare State v. Vaughn,* 92 Or App 73, 757 P2d 441, *rev den* 306 Or 661 (1988).

302 Or 29, 725 P2d 1285 (1986), authorized the search of defendant's pickup truck, I dissent.

Assuming that that exception to the warrant requirement could be applicable here, the officer must have either observed evidence of a crime in plain view, *State v. Porter,* 312 Or 112, 817 P2d 1306 (1991), or must have had probable cause to believe that there was additional evidence in the pickup that would have supported charging defendant with a crime. In *State v. Brown, supra,* 301 Or at 276, the court emphasized:

> "The police ticket to admission into a stopped mobile vehicle is probable cause. The test is whether a magistrate could issue a constitutionally sound search warrant based on the probable cause articulated by the officers."

Here, all that the officer could say is that, when he asked defendant what was underneath the jacket on the front seat, defendant lifted the jacket, revealing a small container that the officer knew was commonly used for storage of narcotics. He then asked defendant what was in it, and defendant said "pot." The officer testified that defendant was "extremely cooperative" and that, when he asked him to open the container, defendant did so, revealing the marijuana. The officer then asked defendant if there were any more drugs in the pickup, whereupon defendant reached into his shirt pocket and pulled out a small ziplock baggie that also contained marijuana and handed it to the officer. The total amount of marijuana in the two containers was less than an ounce. When asked if there was any more in the pickup, defendant said that there was not.

If those facts had been set out in an affidavit in support of a request for a search warrant, a magistrate would not have been justified in issuing one. At best, the officer was suspicious but, given defendant's "extremely cooperative" responses, there is no apparent basis for believing that defendant was not telling the truth.

Aside from the automobile exception, this court held in *State v. Tallman,* 76 Or App 715, 720, 712 P2d 116 (1985), that

> "it would be incongruous, in the light of the legislative policy to decriminalize possession of less than one ounce of

marijuana and to eliminate the possibility of arrest, to hold that probable cause to search for more flows automatically from the discovery of less. To allow the intrusion of a search on that basis would subject violators to some of the criminal sanctions which the legislature intended to remove. As a matter of law, possession of less than one ounce cannot by itself create probable cause to search for more."

We went on to hold that the officer's observation of furtive motions by the defendant and his companion before he reached their car and the odor of incense did not supply additional facts sufficient to justify the belief that there was more contraband concealed in the car.

Because the officers did not have probable cause to search defendant's pickup, I would reverse the denial of defendant's motion to suppress the evidence obtained as a result of the search.