Argued and submitted July 24, 1991, reversed and remanded for new trial May 29, reconsideration denied September 2, petition for review denied October 27, 1992
(314 Or 574)

# STATE OF OREGON,
*Respondent,*

*v.*

# JOHN K. WALKER,
*Appellant.*

## (CM 89-0726; CA A65296)

830 P2d 633

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Defendant appeals his convictions for being a felon in possession of a firearm and menacing. ORS 166.270; ORS 163.190. He assigns error to the trial court's denial of his motion to suppress evidence obtained in a warrantless search of his car. We reverse and remand.

On August 11, 1989, the victim was driving north on Highway 99 when the driver of another car pointed a gun at him. The victim had a radio transmitter in his car and contacted the police, giving them a description of the car and the license plate number. Officer Pomeroy, who was on patrol in the area, heard a radio dispatch regarding the incident. He drove to Highway 99 and saw a car closely matching the description given by the victim. He followed it and watched it pull into the parking lot of a market. The driver, defendant, got out of the car and went into the store. Pomeroy stayed in his car, contacted other officers and ran a check on the car's license number. The license number matched that of the suspected vehicle.

The victim arrived at the parking lot and told the officers that he had seen the suspect leave the market and cross the parking lot. Officer Almberg then saw the man at a nearby motel. Pomeroy and Almberg confronted him near the motel and told him that he was suspected of possessing a firearm. Almberg patted him down for weapons, but found none. He denied any connection with the incident or the car and denied a request to search the car. The victim was brought to the scene, where he positively identified the car and said that he was "90 percent sure" that defendant was the person who had pointed the gun at him.

Pomeroy detained defendant for questioning and advised him of his *Miranda* rights. After police placed a phone call to the car's registered owner, defendant admitted that he had been the driver of the car, but denied pointing a firearm at another driver. Pomeroy checked the driver's license status of defendant and found that it was suspended. He then placed defendant under arrest for driving while suspended.

At the same time that Pomeroy was questioning defendant, Almberg went to the parked vehicle, which was approximately one half block away from where Pomeroy and

defendant were talking. He testified that he wanted to look for "registration or any type of material that would identify * * * defendant." Through the window, he saw a box for a .38 semi-automatic pistol. Almberg also testified that he wanted to find the weapon "for public safety," because the area was busy and the market was "a hangout for kids." The window was open, so Almberg "opened up the door to see if there was [*sic*] any papers on the floor." He then reached under the car seat and found a gun. After that, defendant was arrested for menacing.

The state argues that there are three bases on which to uphold the warrantless search and seizure of the gun: the automobile exception, a search incident to arrest and an individualized showing of probable cause and exigent circumstances. The trial court concluded that probable cause and exigent circumstances supported the search and seizure.

■ Defendant concedes that the police had probable cause to believe that he was involved in the menacing incident. He argues, however, that there were no exigent circumstances justifying the warrantless search. The state contends that exigent circumstances "required immediate police action to locate the gun." It argues that, because the car was unlocked, parked in a busy area with the window rolled down and the gun box plainly visible, the police "needed to determine whether the gun was in defendant's car or whether they needed to conduct a full-scale area search to locate it." The trial court agreed that the facts provided the necessary exigent circumstances:

> "If a search was to take place, it was going to require a very extensive search involving a number of officers and anyone could have found the — the weapon if it was hidden somewhere and if the person wasn't a complete law-abiding citizen, the weapon then might not have come into the hands of the police."

■ The exigent circumstances exception to the warrant requirement is a recognition that practical necessity may require a search and seizure to take place before a warrant can be obtained. *See State v. Stevens*, 311 Or 119, 126, 806 P2d 92 (1991). The state has the burden to prove by a preponderance of the evidence that the search and seizure were valid. ORS 133.693(4).

The exigency that the state relies on here is the necessity to find the gun involved in the menacing incident before other persons in the area could be endangered. The state relies on *State v. Bass*, 98 Or App 266, 778 P2d 993, *rev den* 308 Or 500 (1989), in which we upheld a warrantless search of a car to locate a gun. However, in that case, the search followed a high speed chase in which shots were fired at the police from the car. The police in *Bass* caught up to the car only after it had driven off the road and the occupants had disappeared. We held that the police were entitled to search the car to determine whether the fugitives had taken the weapon with them. 98 Or App at 268. An exigency existed there, because the fugitives had already fired shots at the police, they were still at large in the vicinity and the police did not know where the gun was.

Here, defendant was already in custody. He did not pose a threat to the officers or other persons in the area. There was no indication that the gun was somewhere other than in the car. Pomeroy saw defendant get out of the car and did not see the gun. It was not found in the pat down of defendant. Even if defendant had left the gun somewhere in the area other than in the car, there is no showing that there was anyone else in the car with defendant during the menacing incident or anyone else in the area with a motive to interfere in the situation. *See State v. Nicholson*, 89 Or App 306, 312, 748 P2d 1028, *rev den* 305 Or 672 (1988). There were a number of police officers in the immediate area, and a police car was parked behind defendant's car. At least one officer was available to guard the vehicle, while the others could have conducted a search of the area for the gun or obtained a warrant. We find no basis in the record for concluding that there were exigent circumstances.

We also conclude that the search may not be justified under the automobile exception. When the police have probable cause to believe that a car contains contraband or evidence of a crime and the car is mobile, they may search the car without a warrant following a lawful stop. *State v. Vaughn*, 92 Or App 73, 76, 757 P2d 441, *rev den* 306 Or 661 (1988). They may not rely on the mobility of a car to constitute an exigency if the car is "parked, immobile and unoccupied" when they first encounter it. *State v. Kock*, 302 Or 29, 33, 725 P2d 1285

(1986). In *State v. Vaughn, supra,* 92 Or App at 77, we declined to extend the automobile exception to situations in which the police initially observe a defendant driving the car, but by the time that they confront the defendant, the car is unoccupied and immobile. In this case, defendant's car had been immobile for some time before the police approached it or defendant. The automobile exception was not applicable.

■ ■ Finally, the search of defendant's car cannot be justified as a search incident to arrest, which is valid only if it is "close to the arrest in time, space and intensity." *State v. Giffen,* 98 Or App 332, 334, 778 P2d 1001 (1989). It must be for evidence that could be concealed on the person of the defendant or in belongings in his immediate possession at the time of the arrest. 90 Or App at 334. Defendant was not in or near the car at the time of the arrest. *See State v. Hartley,* 96 Or App 722, 773 P2d 1356, *rev den* 308 Or 331 (1989). Furthermore, at the time of the search, defendant had been arrested only for driving while suspended. That offense alone does not authorize the police to conduct a warrantless search of a person's vehicle. *State v. Smith,* 82 Or App 636, 640, 729 P2d 10 (1986), *rev den* 302 Or 614 (1987). We conclude that the trial court erred in denying defendant's motion to suppress.

Reversed and remanded for a new trial.