Argued August 26, affirmed October 4, reconsideration denied November 10, petition for review denied December 14, 1976

FLOYD, *Petitioner,*

*v.*

MOTOR VEHICLES DIVISION, *Respondent.*

(CA 6256)

554 P2d 1024

*Charles N. Hilke,* Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Glenda L. Green, Certified Law Student, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is a petition for judicial review of a Motor Vehicles Division order which suspended petitioner's operator's license and vehicle registration pursuant to ORS 486.251(1)[1] for failure to satisfy a civil judgment[2] within sixty days.

On June 6, 1975, a judgment for $241.50, including attorney fees and costs, was entered against petitioner for damages resulting from an automobile accident in which she was involved in October, 1973. The judgment remains unsatisfied.

The Division's suspension order was issued on August 25, 1975, and it became effective on August 30, 1975. On January 13, 1976, there was an administrative hearing on the matter. There petitioner challenged the validity of ORS 486.251(1) on several grounds. She did not, however, contend that, if valid, the statute was improperly applied in her case. The hearing officer upheld the suspension.

At the hearing, the Division's representative tes-

---

[1] ORS 486.251(1) provides:

"Whenever any person fails within 60 days to satisfy a judgment rendered in a court of this state, the clerk of the court, or the judge if the court has no clerk, shall immediately upon the written request of the judgment creditor or his attorney, forward to the division a certificate stating the judgment has not been satisfied together with a certified copy of the judgment, and the division shall forthwith suspend the license and registration and any nonresident's operating privilege of any person against whom such judgment was rendered."

Similarly, ORS 486.211(4) provides that the Motor Vehicles Division shall revoke or suspend the license and vehicle registration of any person who "[f]ails to satisfy a judgment rendered against him within 60 days after its entry." All references herein to ORS 486.251(1) apply equally to ORS 486.211(4).

[2] For purposes of chapter 486, ORS 486.011(3) defines "judgment" as:

"* * * any judgment which has become final * * * upon a cause of action arising out of the ownership, operation, maintenance or use of any vehicle of a type subject to registration under the laws of this state, for damages, including damages for care and loss of services, because of bodily injury to or death of any person, or for damages because of injury to or destruction of property, including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages."

tified that prior to suspending a license for failure to satisfy a civil judgment, the Division conducts an investigation to determine if the statutory prerequisites to suspension on that basis are satisfied. The affected licensee is given neither notice nor the opportunity to be heard prior to suspension.

Petitioner asserts that the denial of prior notice and hearing denies her minimal due process required by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Oregon Constitution. We agree.

■ Regardless of whether denominated as a right or a privilege, an operator's license is an important entitlement which can only be suspended or revoked in a manner consistent with procedural due process. Except in emergency situations, the affected individual must be given notice and an opportunity for a hearing before the termination becomes effective. *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971); *Boykin v. Ott,* 10 Or App 210, 498 P2d 815, *rev den* (1972), *appeal dismissed* 411 US 912 (1973). The nature of the inquiry relevant to suspension under ORS 486.251(1) is not complex and it is possible that the Division's investigative procedure tends to prevent mistaken deprivations. Nevertheless, the Division cannot, consistent with due process, unilaterally determine facts decisive of important entitlements.

■■ Due process is a flexible concept. The nature and scope of the hearing which the Division must make available will be determined, in large part, by the type of issues typically presented in proceedings of this sort, *see Mathews v. Eldridge,* 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976), and are, at this point, an appropriate subject for administrative regulation. At a minimum, the purported judgment debtor should be given reasonable opportunity to call a mistake to the Division's attention prior to administrative action to her detriment.

■ We conclude that the Division's failure to inform

petitioner of its intent to suspend and of the availability of a presuspension hearing was improper. However, inasmuch as petitioner has since been accorded a full hearing, no further relief remains to be granted.

■ Petitioner also raises several constitutional objections to the substance of ORS 486.251. She argues that the statute violates the Separation of Powers clauses of the Oregon and United States constitutions in that it improperly delegates to a private individual, the judgment creditor, the power to suspend an operator's license. She also argues that the statute violates the Equal Protection clauses of the Oregon and United States constitutions and that it violates substantive due process because neither the classifications created by the statute nor the statute itself are reasonably related to any legitimate legislative purpose. We have considered the statute in light of each objection raised and we are satisfied that ORS 486.251(1) is rationally calculated to achieve a legitimate state interest, the protection of the public from financial loss due to improper use of motor vehicles, and that notification by an uncompensated person adjudged to have been so damaged is a reasonable triggering mechanism for administrative action toward that end.

Affirmed.