Argued June 30, reversed and remanded August 29, reconsideration
denied October 31, 1977, petition for review denied January 17, 1978

# STATE OF OREGON, *Appellant,*
*v.*
# SYLVIA FIGUEROA, *Respondent.*
## (No. DS 2774, CA 7811)

568 P2d 691

Al J. Laue, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Steven L. Verhulst, Hillsboro, argued the cause for respondent. With him on the brief was Garland, Karpstein & Boyer, Hillsboro.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

[ 803 ]

**RICHARDSON, J.**

The state appeals an order dismissing a charge against defendant of driving while suspended, ORS 486.211(3) and 482.440. The sole issue is whether the notice of suspension satisfied constitutional due process by notifying defendant of the availability of a presuspension hearing. *Boykin v. Ott,* 10 Or App 210, 498 P2d 815, Sup Ct *review denied* (1972), *appeal dismissed,* 411 US 912 (1973).

Defendant received a notice on April 16, 1976, that her operator's license would be suspended effective May 6, 1976, for failure to furnish proof of future financial responsibility. This document contained the following notation: "You may request a hearing on this suspension order, before a representative of the Motor Vehicles Division."

In *Boykin v. Ott, supra,* we said "* * * due process normally requires that *prior* to any suspension the licensee be given notice of intent to suspend and notice of the availability of a hearing * * *." Due process was satisfied, we concluded, if the notice of intent to suspend includes notice about the availability of a hearing.

Defendant argues our decision in *Floyd v. Motor Vehicles Div.,* 27 Or App 41, 554 P2d 1024, Sup Ct *review denied* (1976), extended *Boykin* to require that the notice inform the licensee there is the right to a hearing *prior* to the suspension. In essence the argument is the notice must disclose a hearing is available prior to the suspension, not simply that a hearing is available. This is a distinction grounded in semantics more than substance.

The substance of the due process right set out in *Boykin* and reaffirmed in *Floyd* is that a licensee is entitled to a hearing prior to the suspension and entitled to notice of this right. Due process does not require certain operative words as long as the substance of the right is disclosed. Here the defendant was

notified of the intent to suspend her license and was notified prior to the suspension of the availability of a hearing on the suspension order.

Reversed and remanded.