RICHARDSON, J.
Defendant petitions for reconsideration of our decision in State v. Figueroa, 30 Or App 803, 568 P2d 691 (1977). She asserts our decision is inconsistent with Floyd v. Motor Vehicles Div., 27 Or App 41, 554 P2d 1024, Sup Ct review denied(1976), since the wording of the notice in Floyd is identical to that of the notice here at issue and was received by petitioner Floyd prior to the effective date of the order. The opinion in Floyd does not indicate the wording of the notice or that One was received. Petitioner’s brief in Floyd v. Motor Vehicles Div., supra, contains the following statement:
«* * * Petitioner was given neither notice nor the right to a hearing prior to the suspension.”
An employe of the Motor Vehicles Division testified no prior notice was required for suspension of a license for failure to satisfy a judgment resulting from an automobile accident. In Floyd we were not dealing with the timeliness or the content of the notice.
In Floyd we set forth the inquiry and the decision as follows:
"Petitioner asserts that the denial of a prior notice and hearing denies her minimal due process * * *. We agree.
* * * *
"We conclude that the Division’s failure to inform petitioner of its intent to suspend and of the availability of a presuspension hearing was improper. * * *” 27 Or App at 44-45.
In Boykin v. Ott, 10 Or App 210, 498 P2d 815, Sup Ct review denied (1972), appeal dismissed 411 US 912 (1973), we stated due process requires that prior to any suspension the licensee be given notice of intent to suspend and notice of the availability of a hearing and, if requested a hearing appropriate under the circumstances prior to any suspension.
 Neither Boykin nor Floyd require that the notice state the procedural fact that the hearing is available *[434] before any suspension goes into effect. As we said in Boykin, if the hearing is requested it must occur prior to suspension. Consequently, if a hearing is requested the order of suspension is stayed pending the outcome of the hearing. It is sufficient for due process that the right to a hearing is disclosed and that this information is given to the licensee within a reasonable time prior to the effective date of the suspension to afford a reasonable opportunity to request a hearing and stay the suspension order.
Defendant points out an error in the opinion. The notice of suspension was received on April 22, 1976, not April 16,1976, as stated in the opinion. We adhere to our former opinion that the notice was not constitutionally deficient. It disclosed to defendant the intent to suspend her license and the availabilty of a hearing. She received this notice 13 days before the effective date of the suspension thus affording a reasonable time to take advantage of the hearing right.
Petition for reconsideration denied.