Argued and submitted March 29, affirmed September 6, reconsideration denied October 13, petition for review denied November 16, 1989 (308 Or 500)

# STATE OF OREGON,
*Respondent,*

*v.*

# RUSSELL WADE BASS,
*Appellant.*

(CC87-1169; CA A49366)

778 P2d 993

Steven V. Humber, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant was convicted of attempted murder, attempting to use a dangerous weapon, reckless driving, attempting to elude a police officer, and felony driving while revoked. He argues on appeal that the trial court erred in denying his motion to suppress evidence and that his driving privileges were never properly revoked. We affirm.

The trial court found these facts, which are supported by evidence. Between 2 a.m. and 3 a.m. on July 19, 1987, police officers saw defendant speeding on Highway 101 near Seaside; they followed him. A high-speed chase began, during which one or more occupants of the car that defendant was driving fired a shotgun several times at the pursuing officers. The chase ended "at or near milepost nine on Highway 26" in a brushy rural area, when the car "ran off the road in a cloud of smoke." Because it was dark, the officers did not know whether anyone remained in or near the car after it stopped. After waiting about 30 minutes, the officers approached the car and searched it, looking for people, weapons and ammunition. Defendant moved to suppress evidence seized during the warrantless search of the car.

The parties agree that the officers had probable cause to search the car. They also agree that the car was immobile after it ran off the road and that the search must be justified by exigent circumstances other than the car's mobility. *State v. Kock,* 302 Or 29, 33, 725 P2d 1285 (1986). We hold that there were exigent circumstances. The search followed a chase during which shots were fired from the car at the police. The car stopped at night in a rural area, and the officers' view was obscured by smoke and trees. They also had probable cause to arrest the occupants of the car and could look for them in it. Although they found no one in the car, they were entitled for their own safety, before starting to look for the fugitives, to determine whether the fugitives had taken the shotgun with them. *See State v. Wright,* 30 Or App 11, 17, 566 P2d 185 (1977). When they searched the passenger compartment, the officers found numerous fired shotgun rounds and boxes of

ammunition on and in front of the front passenger seat. The trial court did not err in refusing to suppress that evidence.[1]

■ Defendant also assigns error to the trial court's denial of his motion to set aside the indictment on the charge of driving while revoked. Trial of that charge only was to the court. It was not error to deny the pre-trial motion. ORS 135.510; *State v. Stout,* 305 Or 34, 41, 749 P2d 1174 (1988). In arguments to the court during the trial, defendant renewed the motion. Both parties and the court then treated the motion as one for judgment of acquittal. We review it accordingly.

Defendant contends that the Motor Vehicles Division (MVD) did not give him adequate notice of his right to a pre-revocation hearing, as required by the Fourteenth Amendment.[2] *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971); *Floyd v. Motor Vehicles Div.,* 27 Or App 41, 44, 554 P2d 1024, *rev den* (1976). Therefore, he asserts, his license was not properly revoked, and he cannot be convicted of driving while revoked.

Defendant's driving privileges were revoked four times, each time for the commission of a felony involving a motor vehicle. *See* ORS 809.410. He apparently never had an Oregon driver's license, but only a California license. MVD records had his California address, and it sent notices of revocation there. All of the notices were returned, bearing this or a similar notation: "RETURN TO SENDER/NO FORWARDING ORDER ON FILE/UNABLE TO FORWARD."

In his brief, defendant argues that, because his license was revoked for committing various felonies, MVD should have known that he was at the Oregon State Penitentiary and should have sent the notices there. However, even assuming the theoretical validity of defendant's argument, the

---

[1] After searching the passenger compartment, the officers searched the glove compartment, from which they seized two shell casings. That search was not justified on the grounds described in the text, because the weapon that was the primary object of the search was too large to fit there. The error, if any, in admitting evidence seized from the glove compartment was harmless. *See State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987). The shell casings were insignificant in the light of the officers' testimony and the evidence recovered from the passenger compartment.

[2] Defendant also claims that MVD did not follow the notice procedures provided by statute. *See* ORS 809.430. That argument lacks merit and requires no discussion.

record contains no *evidence* that he was at the penitentiary when MVD sent any of the revocation notices. As far as this record shows, MVD mailed the notices to the only address that it or any other state agency had. That satisfied due process requirements. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 US 306, 70 S Ct 652, 94 L Ed 865 (1950).

Affirmed.