Argued and submitted January 14, reversed and remanded December 11, 1991

# STATE OF OREGON,
*Appellant,*

*v.*

# RUDY NINO PARRAS,
*Respondent.*

## (89-CR-0221-15; CA A65259)

822 P2d 151

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David C. Glenn and Glenn, Sites & Reeder, Madras, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

Joseph, C. J., specially concurring.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

The state appeals a pretrial order suppressing evidence. ORS 138.060(3). Defendant was charged with three counts of attempting to unlawfully use a deadly weapon against another person, ORS 166.220; driving under the influence of intoxicants, ORS 813.010; three counts of reckless endangerment, ORS 163.195; three counts of menacing, ORS 163.190; and second degree criminal mischief. ORS 164.354. He successfully moved to suppress all of the evidence that the police seized from a parked pickup truck. We reverse.

On November 10, 1989, at approximately 1:57 a.m., Prineville police received a complaint from a citizen that he had been shot at with a rifle by two men in a pickup. He described the men and the vehicle and gave police the license number. Officer Arrowsmith responded to the call and checked behind the "Pastime Tavern" at approximately 2:05 a.m. The suspected vehicle was not there. Officer Toney also responded to the call and, at approximately 2:25 a.m., found the vehicle parked behind the "Pastime" blocking the driveway. He contacted Arrowsmith and asked to meet him behind the tavern.

Toney testified that the parking lot was lit and that he could easily see inside the vehicle. He also said that there were dark shadows amidst the parked cars and that there were a number of people walking about. Toney knew that the truck was registered to Jesus Parras. While examining the truck, he noticed that it was unlocked and that there was a rifle leaning against the passenger seat with the barrel pointed up. He also saw empty casings on the floor. Toney opened the door and seized the rifle. At that time, he smelled "freshly fired" gun powder. Arrowsmith arrived two or three minutes later. Both officers then entered the tavern, where they arrested Patino, who was suspected of being a participant in the shooting. They did not find defendant until the next day. A deputy sheriff arrived after the officers had entered the tavern. After arresting Patino, Arrowsmith returned to the truck, searched it and seized two .22 caliber bullets and three empty casings from the floor of the truck. The trial court concluded that, although there may have been

probable cause to search the vehicle, there were no exigent circumstances justifying the warrantless search and seizure.

■ The state assigns error to the trial court's suppression of the evidence. We conclude that there was probable cause to support Toney's belief that the rifle and cartridges that he saw in the pickup were evidence of the crime that he was investigating. However, probable cause alone is not enough to justify a warrantless search and seizure. There must also be an individualized showing of exigent circumstances. *State v. Kock*, 302 Or 29, 33, 725 P2d 1285 (1986). Exigent circumstances exist when a situation presents a danger to life, a threat of serious damage to property, a possibility of a suspect's escape or a threat of destruction or loss of evidence. *State v. Stevens*, 311 Or 119, 126, 806 P2d 92 (1991).

■ The state contends that the seizure of the rifle and smelling of the gunpowder were justified by the exigencies of officer safety and the need to preserve the evidence.[1] We agree with the state's contention. Toney believed that the pickup had been involved in a recent shooting and that a rifle had been used. He saw a rifle leaning against the passenger seat, barrel up and immediately accessible. The truck was unlocked. When Toney entered the pickup and seized the rifle, it was after 2:25 a.m. and there were other people in the area. He did not know where the two suspects were, he was alone and Arrowsmith had not yet arrived.

Defendant contends that Toney had only a generalized concern that someone might interfere with the evidence before Arrowsmith could arrive. In *State v. Nicholson*, 89 Or App 306, 748 P2d 1028, *rev den* 305 Or 672 (1988), on which defendant relies, the police searched a car parked in a motel parking lot after smelling an odor of methamphetamine coming from the car. We held in that case that there were no exigent circumstances, because the evidence showed that the officers had only a generalized concern that

---

[1] Toney gave two reasons for seizing the rifle:

"One was for evidence. The other was my safety because the suspects were not around. And I had to look for the suspects and I didn't want to get shot with the same firearm that had been used earlier — allegedly used earlier."

'someone' might interfere with the car. The only known suspect associated with the car had been arrested. We said:

> "Oregon courts have held that the possibility that such interference would occur before a warrant could be obtained constituted exigent circumstances only when the state has proven that identifiable persons with a motive to interfere existed." 89 Or App at 311.

Toney did not just have generalized concerns; two persons that he believed to have been involved in the crime may have been in the immediate area and had a motive to interfere with the truck. Toney had a legitimate concern for his safety and for the preservation of evidence.

We conclude that the circumstances here created an exigency that justified Toney's entry of the vehicle and seizure of the rifle. *See State v. Bass*, 98 Or App 266, 778 P2d 993, *rev den* 308 Or 500 (1989). The trial court should not have suppressed the rifle or testimony about the smell of gunpowder that Toney detected when he entered the pickup to seize the rifle.

■ The state also argues that Arrowsmith's warrantless entry into the pickup after Patino's arrest and his seizure of the cartridges was justified on the basis of probable cause and exigent circumstances. There is no dispute as to probable cause. We conclude, however, that there were no exigent circumstances to support seizure of the cartridges. By the time that Arrowsmith returned to the pickup and seized them, two other officers had arrived at the scene and one of the suspects had been arrested in the tavern. The cartridges did not present the threat to safety that the gun had. Further, at the time, it would have been possible for one of the officers to guard or secure the vehicle until a warrant could be obtained. It was not necessary to enter the vehicle, either for officer safety or to preserve the evidence. Accordingly, the trial court's suppression of the cartridges and cases was proper.

Reversed and remanded.

**JOSEPH, C. J.**, specially concurring.

With respect to Arrowsmith's warrantless actions, I concur with the majority that there was no probable cause or exigent circumstances basis for them.

With respect to Toney's activities, I disagree. Once again, the majority of this department raises purported police fear to the level of a constitution-overriding excuse.[1]

---

[1] *See, e.g., State v. Ehly*, 109 Or App 456, 819 P2d 1386 (1991); *State v. Schellhorn*, 95 Or App 297, 769 P2d 221 (1989); *see also State v. Wales*, 91 Or App 10, 755 P2d 704 (1988) (Deits, J., dissenting); *but see State v. Hicks*, 89 Or App 540, 749 P2d 1221 (1988).