On respondent's motion for reconsideration filed May 22, reconsideration allowed; opinion (140 Or App 642, 915 P2d 489) modified and adhered to as modified October 2, petition for review denied December 3, 1996 (324 Or 464)

ROBERT DOYLE MURPHY,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A83273)

925 P2d 98

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Christine Ann Chute, Assistant Attorney General, for the motion.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

Armstrong, J., dissenting.

**EDMONDS, J.**

The Board of Parole and Post-Prison Supervision has petitioned for reconsideration of our previous opinion. *Murphy v. Board of Parole*, 140 Or App 642, 915 P2d 489 (1996) (per curiam). We allow reconsideration to clarify our opinion and adhere to it as modified.

Petitioner sought judicial review of an order of the Board that rescinded his parole release date without a hearing on December 17, 1993. He asked us to reverse the order and to remand with specific instructions that the Board release him. In our prior opinion, we stated,

"We agree with petitioner that the Board violated an applicable rule by failing to hold a hearing prior to issuing its order. We decline, however, to grant petitioner the relief that he seeks. The only relief to which petitioner is entitled is a hearing to determine if he should be released, and the Board held such a hearing after the order on review. Because petitioner has been accorded a full hearing, no further relief remains to be granted." 140 Or App at 643.

In its petition for reconsideration, the Board asks us to clarify our statement that it had "violated an applicable rule by failing to hold a hearing prior to issuing its order." The Board's petition states:

"The court's broad language is troubling for two reasons: First, because it could be construed to apply to all instances in which the board suspends a parole release date pending a new hearing and, second, because it does not specify which rule the board ostensibly violated."

According to the Board, "rescission" of a parole release date amounts to a temporary suspension of the release date, not a final determination to postpone the release date. Here, the Board rescinded petitioner's release date of December 24, 1994, to consider new information, a psychological evaluation and to schedule a new exit interview. Finally, the Board points out that none of the rules cited in petitioner's brief applies to its order and maintains that none of the rules cited in its brief was violated.

On reconsideration, we withdraw the portion of our opinion that holds that the Board violated "an applicable rule

by failing to hold a hearing prior to issuing its order." Although we believed at the time of our opinion that the Board's action violated OAR 255-80-012, we are not prepared to adhere to that holding in the absence of briefing and argument by the parties about that rule. Because petitioner was afforded a later hearing on the Board's decision to extend his parole release date, there is no need for us to determine whether the Board violated an applicable rule. We therefore vacate that portion of our opinion and adhere to our opinion as modified.

Reconsideration allowed; opinion modified and adhered to as modified.

**ARMSTRONG, J.** dissenting.

The Board of Parole and Post-Prison Supervision has petitioned for reconsideration of our previous opinion. *Murphy v. Board of Parole*, 140 Or App 642, 915 P2d 489 (1996) (per curiam). I concur in the majority's decision to grant reconsideration. I dissent, however, from the majority's conclusion that we cannot decide, on this record, whether the Board violated one of its rules by failing to hold a hearing before postponing petitioner's parole release date.

Petitioner sought judicial review of an order of the Board that rescinded his parole release date, contending that the Board had violated applicable law by failing to hold a hearing before issuing the order. He asked us to reverse the order and to remand with specific instructions that the Board release him. We held that the Board had violated an applicable rule by failing to hold a hearing before rescinding his release date but that petitioner was not entitled to the relief that he sought. The only relief to which he was entitled was a hearing to determine if he should be released, and the Board had held such a hearing after the order on review. We, therefore, granted no further relief. In its petition for reconsideration, the Board asks us to clarify our statement that it had "violated an applicable rule by failing to hold a hearing prior to issuing its order." *Id.* at 643.

In 1976, petitioner pleaded guilty to murder and was sentenced to life in prison under the discretionary system in effect at that time. In 1986, he chose to come under the

matrix system, and the Board set his parole release date at October 24, 1991. At a subsequent hearing, the Board deferred petitioner's release date until December 24, 1993. On June 29, 1993, Dr. Stuckey reported the results of a psychological evaluation of petitioner in which he concluded that

"[a]t the present time, there is evidence [that petitioner has] a present severe emotional disturbance such as to constitute a danger to the health and safety of the community."

On August 25, 1993, and November 3, 1993, the Board held exit interviews with petitioner and found that petitioner's parole release date should continue to be December 24, 1993. At the exit interviews, the Board considered petitioner's release plan and other relevant information. *See* ORS 144.098; OAR 255-60-006.

On December 17, 1993, the Board issued an order rescinding petitioner's December 24, 1993, parole release date and indicating that it would schedule an exit interview to reconsider petitioner's "release given new information and [the] psychological evaluation [of June 29, 1993]." According to the order, the Board's action resulted from a "file pass" on December 17, 1993. Petitioner sought review of that order.

On January 19, 1994, after it had rescinded petitioner's parole release date, the Board held an exit interview at which it reviewed the June 29, 1993, psychological evaluation of petitioner and considered new information that it had not considered at the August 25, 1993, and November 3, 1993, exit interviews. It then found that petitioner had

"a mental or emotional disturbance, deficiency, condition or disorder, predisposing [him] to the commission of a crime to a degree rendering [him] a danger to the health or safety of the community."

The Board noted that petitioner's December 24, 1993, release date had been rescinded and deferred petitioner's parole release date until December 24, 1995.

Petitioner argued on review that the Board's order of December 17, 1993, that rescinded his December 24, 1993, parole release date violated applicable law because the Board had not held a hearing before it issued the order. We agreed.

For the reasons that follow, I dissent from the majority's decision to depart from our prior holding that the Board violated a rule, OAR 255-80-012.

The Board issued the December 17, 1993, order pursuant to a file pass. Under the applicable rules, the Board may open a case for reconsideration of a decision whether or not it receives a request. OAR 255-80-012(2). Under certain circumstances, the Board may conduct such a review by means of an administrative file pass. *See, e.g.*, OAR 255-80-012(3)(a). If, however, the review would cause an adverse result for the prisoner, the Board must conduct the review through an administrative hearing. OAR 255-80-012(3)(c).

In this case, the administrative file pass caused an adverse result for petitioner, because it led to the order on review that rescinded petitioner's parole release date pending a new exit interview. Because the Board issued the order close in time to petitioner's scheduled release date, the Board did not conduct the exit interview until after that date. Therefore, under the circumstances of this case, the rescission necessarily postponed petitioner's release.[1] Consequently, under the circumstances here, the administrative file pass that generated the order on review caused an adverse result for petitioner. As such, the Board violated OAR 255-80-012(3)(c) by issuing the order pursuant to a file pass.[2]

The majority states:

"Although we believed at the time of our opinion that the Board's action violated OAR 255-80-012, we are not prepared to adhere to that holding in the absence of briefing and argument by the parties about that rule."

---

[1] As the majority notes,

"[a]ccording to the Board, 'rescission' of a parole release date amounts to a temporary suspension of the release date, not a final determination to postpone the release date."

143 Or App at 607. Under the circumstances, however, the board's decision to rescind petitioner's parole release date was "a final determination to postpone the release date," at least until the exit interview could be scheduled and held.

[2] The Board argues in its petition for reconsideration that it did not violate any of the rules cited in either party's brief. However, the Board cited OAR 255-80-005, which refers to OAR 255-80-012, the rule that we held to be dispositive.

143 Or App at 608. There has been briefing and argument by the parties. Petitioner argued that no rules authorized the Board's action, citing several rules, including *former* OAR 255-40-020 and OAR 255-75-055, that authorize Board action without a prior hearing, and arguing that those rules did not apply to the circumstances of this case. In its petition for reconsideration, the Board agreed that the rules cited by petitioner did not apply to this case and that it was not acting pursuant to any rule cited by petitioner. The Board has not responded, however, to petitioner's argument that the rules do not authorize the Board's order in this case. Its failure to address that argument does not prevent us from doing so. Therefore, I believe our initial conclusion that the agency violated OAR 255-80-012 is correct.

In its petition for reconsideration, the Board expressed concern that our opinion in this case could limit the Board's authority to rescind a parole release date when a prisoner engages in serious misconduct very close to the scheduled release date, under circumstances when it may be impossible to hold a hearing before that date. That situation is inapposite to this case and is governed by a different rule, OAR 255-50-005(4), which provides that the Board "may rescind [a] parole release date and order a postponement hearing to consider extending the [prisoner's] prison term" for serious misconduct. There is no allegation that petitioner engaged in serious misconduct, and the Board does not contend that it rescinded his parole release date on that ground. Therefore, my contention that the Board violated OAR 255-80-012 does not implicate the Board's authority to rescind a parole release date on the ground of serious misconduct without first conducting a hearing.

I concur in the majority's continued refusal to grant petitioner any relief.[3] Petitioner was entitled to a hearing, not to release no matter what result the hearing produced.

---

[3] Petitioner has filed a motion to be designated the prevailing party on review. Because the relief petitioner sought was an order that he be released from prison and because we declined to grant petitioner any relief, I concur with the majority's denial of petitioner's motion.

He received a hearing at the January 19, 1994, exit interview. That interview offered petitioner a sufficient opportunity to be heard. *See* OAR 255-60-006 (describing exit interview procedures). Therefore, there was no relief for us to grant. *See, e.g., Floyd v. Motor Vehicles Div.*, 27 Or App 41, 44-45, 554 P2d 1024, *rev den* 276 Or 873 (1976).

Because I disagree with the majority's conclusion that the Board did not violate OAR 255-80-012 in issuing the order on review, however, I respectfully dissent.