## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES EDWIN MINEAR,
*Appellant.*

(No. C 79-02-30548, CA 15129)

615 P2d 416

Dale R. Koch, Portland, argued the cause and filed the brief for appellant.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

The defendant appeals from conviction as an ex-convict in possession of a firearm. ORS 166.270. He assigns as error the trial court's denial of his motion to suppress physical evidence, a revolver. The evidence was taken in a warrantless search of his room at the Biltmore Hotel in Portland on February 16, 1979. He was arrested at that time and place and the evidence was seized shortly after his arrest.

Two Portland police officers first saw the defendant, his wife and a male companion on a downtown Portland street. It was at an early morning hour. The three were entering a bookstore. Being concerned about a curfew violation, the police approached the three as they were about to enter a taxicab. They asked for identification. Defendant and his wife gave their last name as Faught and each gave a date of birth. Their companion, Peterson, gave his address as the Biltmore Hotel. On discovery that the wife was over the age of 18, the police allowed the three to proceed.

By use of the computer terminal in their vehicle, the police determined that a person with the name Faught and the same birthdate as that given by defendant was wanted in Arizona on a felony rape charge. They proceeded to the Biltmore Hotel where they discovered the defendant was registered in room 11. The officers proceeded to that room, knocked on the door and identified themselves. After a brief delay, defendant came to the door dressed only in his underwear. Upon request, defendant produced identification. The police requested that he come with them to the police station. When defendant stepped back into the room, the officers forced the door to open wider and entered the nine-foot by nine-foot room. They observed a spoon containing a yellow substance, two syringes and a .22 caliber bullet on the dresser.

In response to a question, defendant admitted that he was shooting "dope." He was arrested for

possession of a controlled substance and was allowed to dress. Defendant was handcuffed and placed in the hall outside the room. Defendant's wife was later placed under arrest. The officers then removed the defendant's wife and Peterson from the room. While one officer held the three in the hallway, the other officer returned and searched the unoccupied room. In the course of his search, the officer found the revolver under the mattress which lay on the floor of the room. The room was then locked by the police and the defendant and his wife were taken to the police station on charges of possession of a controlled substance. The police did not testify that they had any concern about Peterson reentering the room. It was later learned that defendant had earlier been convicted of a felony in Oregon as James Edwin Minear, and this charge was brought.

■    The state seeks to justify the search of the room which produced the revolver as a search incident to arrest. For this purpose, the state quotes from *Chimel v. California,* 395 US 752, 763, 89 S Ct 2034, 2040, 23 L Ed 2d 685, (1969) as follows:

> "* * *[I]t is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule."

The state's reliance upon *Chimel v. California, supra,* is not well founded because at the time of the search the revolver was not within the reach of the defendant or either of his companions. All three of them had been removed from the room to the hallway. Defendant and his wife were under arrest and the police were not concerned about Peterson.

■    The state also relies on the claimed presence of exigent circumstances in the case. The record does not contain evidence of exigent circumstances to

justify a warrantless search in this case. There was no likelihood that evidence still in the room would be apt to disappear once the occupants of the room had been removed. The two police officers were obviously not in fear of being overpowered by the former occupants of the room; they left the three of them supervised by only one officer while the other searched the unoccupied room. The record further shows that a backup unit had already been called to support the two officers in making this arrest. The officers could not have been concerned that someone else would remove items of evidence from the room; they locked the room themselves before leaving with the defendant and his wife. Once the police had arrested the defendant and removed him, his wife and the other occupant from the room, exigent circumstances that would justify a warrantless search no longer existed. *State v. Allen/Reed,* 12 Or App 633, 508 P2d 472 (1973).

This warrantless search being outside the rule proclaimed in *Chimel v. California, supra,* as a search incident to a lawful arrest and there being no exigent circumstances to justify the search at the time it was made, the evidence seized, the revolver, should have been suppressed.

Reversed and remanded for new trial.