Submitted on record and briefs March 11, affirmed December 11, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## KIRK WILLIAM GORDON,
*Appellant.*

(89-C2-0857; CA A65596)

821 P2d 442

Arnold W. Poole, and Hillyer & Larson, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Yuanxing Chen, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his convictions for being an ex-convict in possession of a firearm, ORS 166.270, and possession of a controlled substance. ORS 475.992. He assigns as error the trial court's denial of his motion to suppress evidence seized from his vehicle at the time of his arrest. We affirm.

In April, 1989, Officer Olson received a radio dispatch about a burglary in progress. The suspect's vehicle was described as a red, Chevrolet El Camino. En route to the scene, Olson saw defendant's red, Chevrolet El Camino attempting to turn into the southbound lane of Highway 99. Due to heavy traffic, defendant was having difficulty turning onto the highway. He eventually stopped his car on the northbound shoulder of the highway facing oncoming traffic, nearly causing a collision. Olson pulled in behind the vehicle and asked defendant, the driver, to get out of the car. Olson conducted a pat-down of defendant. He then asked for identification. Defendant responded by telling him that there was a fire in the vehicle's carburetor and rushing to the front of the vehicle. Olson testified that defendant was "moving around, jumping around and constant—it was like he was rapid speech, talking really fast," and that defendant's behavior was "overly nervous for the situation." Olson testified that the hood of defendant's car was scorched, but there was no indication that it was currently burning or had been burning recently.

Olson again asked for identification, and defendant produced from a wallet six pieces of identification for a "Clark Blakely." Olson asked if he was Clark Blakley. Defendant said that he was not and that his name was Kirk Gordon. Olson then asked him for some identification to prove that he was Kirk Gordon. Defendant looked into his wallet, but could not find any identification. He then told Olson that he had identification in his black bag behind the seat on the driver's side of his car. He started to reach for the bag, but then changed his mind and said, "Oh, no, that's not mine." Olson again asked for his identification. Defendant then took from the glove box a vehicle registration in the name of "Pavelek." He said that he had picked up the car from Pavelek the day before.

Olson testified that he believed that defendant had given him false information and that it was his experience that persons trying to hide their identity will often put their wallets underneath the seat. Acting on that belief, he then reached under the front seat of defendant's car and found a loaded revolver. After he had found the gun, he handcuffed defendant and put him in the back of the patrol car. He returned to the El Camino and looked in the bag that defendant had initially said contained his identification. When he saw that the bag contained drug paraphernalia, he closed it. The bag was later searched, under a warrant, and was found to contain methamphetamine.

Defendant argues that the trial court erred in denying his motion to suppress all items seized from his car and "any statements made by [him] in response to said seizure." He does not contend that the stop or the request for identification were unlawful, nor does he contest the officer's opening of the black bag. He asserts only that there was no justification for Olson to reach under the front seat of his car.

■■ The state argues that Olson's act was justified as a search incident to arrest, which is an exception to the warrant requirement of Article I, section 9.[1] *State v. Owens*, 302 Or 196, 729 P2d 524 (1986); *State v. Caraher*, 293 Or 741, 653 P2d 942 (1982). Defendant argues that the search cannot be justified as incident to arrest because Olson discovered the gun before defendant was formally arrested. A search preceding a formal arrest may still be incident to arrest, if there is probable cause to arrest at the time of the search. *State v. Green*, 67 Or App 70, 74, 676 P2d 938, *rev den* 297 Or 82 (1984).

Defendant argues that, at the time of the search, Olson did not have probable cause to arrest him for any crime. Probable cause exists when

"there is a substantial objective basis for believing that more

---

[1] Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11).

*See State v. Herbert,* 302 Or 237, 729 P2d 547 (1986).

We conclude that, at the time of the search, Olson had probable cause to arrest defendant for providing false information to a police officer. ORS 807.620. He subjectively believed that defendant was providing false information to him, and there was a substantial objective basis to support that belief. *See State v Owens, supra.* When approached and asked for identification, defendant appeared to be very nervous and attempted to evade Olson's questions by running to the front of his car to deal with a fire that Olson testified did not exist. When Olson continued to press him for identification, he continued to be evasive, producing other persons' identification. He eventually told Olson that he had identification in his bag in the car, then, after starting to get it from the bag, suddenly said that it was not his bag. We conclude that, by the time he looked under the seat in defendant's car, Olson had probable cause to believe that defendant was giving him false information.

Evidence of defendant's identity was relevant to the crime of giving false information to an officer. Accordingly, the search of defendant's vehicle for evidence of identification was proper as a search incident to arrest. *State v. Banks,* 103 Or App 312, 797 P2d 383 (1990); *State v. Fesler,* 68 Or App 609, 685 P2d 1014, *rev den* 297 Or 547 (1984). The trial court's denial of defendant's motion to suppress was proper.

Affirmed.