Argued and submitted March 30, vacated in part and remanded with instructions
May 24, 1995

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAELE PLUMMER,
*Respondent.*

## (C 93-06-33986; CA A83233)

895 P2d 1384

David E. Leith, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Louis R. Miles, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was charged with attempted assault in the first degree, ORS 163.185; ORS 161.405; assault in the second degree, ORS 163.175; possession and delivery of a controlled substance, ORS 475.992; assaulting a public safety officer, ORS 163.208; and tampering with physical evidence, ORS 162.295. The state appeals a pretrial order suppressing evidence. We vacate the order.

In June 1993, defendant visited her former boyfriend, Cisco, at a Portland motel. Shortly after defendant entered Cisco's room, his friend, Cavagnaro, entered the motel parking lot. Deputy Mockler followed Cavagnaro into the lot, because she noticed that the registration on his car had expired. Cavagnaro could not produce a driver's license or registration for the car. At that time, Cisco approached the car. Mockler asked both men to step away from the car. Deputy Malanaphy then arrived. Mockler arrested Cavagnaro for failure to possess and display a driver's license and put him in her patrol car. She then tried to confirm his identity and to determine whether the car he had been driving was stolen. Cavagnaro told Mockler that he and Cisco were staying in Room 2 at the motel and said that there might be something that would confirm his identity in the room.

In the meantime, Malanaphy did a precautionary pat-down of Cisco to determine whether he had any weapons on his person. During the pat-down, Malanaphy discovered methamphetamine on Cisco and arrested him. Mockler knocked on the door to Room 2. The testimony about what happened next is in conflict. Mockler testified that defendant let her into the room. When Mockler asked defendant about her identity, defendant gave only her first name and began to appear nervous. Defendant went to her purse and began to rummage through it with her back turned away from Mockler. Mockler became concerned about her safety and asked defendant to step away from the purse. On the other hand, defendant testified that she told Mockler her full name and that when she went to get her driver's license, Mockler came into the room uninvited and began searching through various containers. The parties agree that, shortly after Mockler asked defendant about her identity, defendant ran to the

bathroom and flushed a plastic baggie down the toilet. Mockler did not see the contents of the baggie.

The evidence about what happened next is also in conflict. Mockler testified that when she apprehended defendant in the bathroom, defendant attacked her and pierced her skin with a syringe. Mockler wrestled defendant to the ground and arrested her. Mockler testified that she observed a brown substance, which she thought was methamphetamine, in the syringe. Defendant testified that, after she flushed the baggie down the toilet, she instinctively put up her hands when Mockler tackled her. She said that she saw a syringe lying on the floor and tried to push it away from her face, but Mockler took her hand.

After Mockler put defendant in the patrol car, she went back into the room and seized the syringe. She also searched defendant's purse. She testified that she seized drug paraphernalia and drug records from it. Defendant claimed that those items came from other containers in the room. Later, defendant moved to suppress "any and all evidence of whatever kind * * * which the state intends to offer as a basis of defendant's conviction herein." The trial court granted the motion, in part, and it suppressed the contents of the syringe[1] and the evidence allegedly seized from defendant's purse.

The state assigns error to the order granting, in part, defendant's motion to suppress. Defendant cross-assigns error to the trial court's failure to suppress the syringe and all other evidence seized from the motel room. As a preliminary matter, we discuss the cross-assignment. Defendant did not cross-appeal. Because defendant seeks to modify or reverse the order on appeal, the proper procedure is a cross-appeal. Because defendant improperly raised the issue in a cross-assignment, we do not consider it. ORAP 5.57(2)(a).

On appeal, the state argues that the trial court erred in suppressing evidence seized from defendant's purse, because Mockler lawfully searched it incident to defendant's arrest. Defendant argues that the search of the purse was unlawful, because the trial court found[2] that Mockler

---

[1] Laboratory tests confirmed that the syringe contained methamphetamine.

[2] The only other findings made by the trial court relate to facts relevant to whether the officers lawfully entered the motel room.

arrested her only for assault and Mockler's subsequent search of the purse was unrelated to that arrest.

Mockler testified that she arrested defendant for assault and for possession of a controlled substance. The trial court rejected that testimony and said:

"[T]he officer testified * * * that she saw some minuscule brown substance in the needle, after she had been assaulted [and] taken to the floor [and] that she really [arrested defendant] for that methamphetamine.

"I don't really believe that. I believe what happened, that she arrested [defendant] because she was assaulted and that incident to this arrest she can seize the needle, she can't go. looking around for everything else in the apartment."

The trial court erred when it concluded that defendant's arrest for assault precluded any warrantless search incident to arrest for contraband. The issue is whether, when Mockler arrested defendant for assault, she also had probable cause to arrest defendant for possession of a controlled substance. *State v. Owens*, 302 Or 196, 205, 729 P2d 524 (1986); *State v. Gordon*, 110 Or App 242, 245, 821 P2d 442 (1991). If she did, the search of the purse was lawful as a search incident to arrest, provided that it was otherwise reasonable under the circumstances. *State v. Caraher*, 293 Or 741, 759, 653 P2d 942 (1982).

The trial court did not make a finding whether Mockler had probable cause to arrest defendant for possession. Because the facts surrounding the search are in dispute, we conclude that a remand is appropriate. If the court concludes that, when Mockler arrested defendant for assault, she also had probable cause to arrest defendant for possession of a controlled substance, it should then determine whether the subsequent search was reasonable in time and space in view of all of the facts.

■■ The state also argues that the court erred in suppressing the contents of the syringe, because the syringe "announced" its contents and, therefore, defendant did not have any cognizable privacy interest in it. Defendant does not respond to that argument. The trial court concluded that Mockler lawfully seized the syringe, which was transparent, as an instrumentality in the crime of assault. "Under the

Oregon Constitution, a lawful seizure of a transparent container is a lawful seizure of its contents." *Owens*, 302 Or at 206. However, there must be "probable cause to believe that a lawfully seized transparent container contains a controlled substance" before its contents may be subjected to chemical testing. *Id.* at 207. Because the trial court did not make any findings or conclusions about whether Mockler had probable cause to believe that the syringe contained a controlled substance, we also remand for findings on that issue.

Order suppressing evidence vacated; remanded for findings in accordance with this opinon. If the court finds that the evidence should be suppressed, it shall reinstate the order. If it finds that the evidence should not be suppressed, it shall deny the motion.