Argued and submitted June 28, affirmed October 11, 1995, petition for review denied April 2, 1996 (323 Or 114)

# STATE OF OREGON,
*Respondent,*

*v.*

# STEVEN D. LANDER,
*Appellant.*

## (94C-20759; CA A85324)

903 P2d 903

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his convictions for felon in possession of a firearm, ORS 166.270, and possession of a controlled substance, ORS 475.992. He assigns as error the trial court's failure to suppress evidence seized from his hotel room.[1] We affirm.

On the day in question, Salem Police Officer Kistner drove into the Traveler's Inn Motel parking lot and, as was his custom, ran a check on the license plates of several of the cars in the lot. He discovered that one of the cars was registered to defendant, who was the subject of several outstanding arrest warrants. Kistner contacted the front desk of the motel and discovered that defendant was registered in room 26.

Kistner requested that a second officer patrol the area in back of defendant's room while he went to the front door. Kistner knocked on the door and saw the curtain move. However, there was no response to his knock. Then, Kistner telephoned from the room next door, but again, there was no answer. Eventually, he banged on the door, called out defendant's name and identified himself as a police officer. Defendant answered, "What do you guys want?" and "Why are you acting so crazy?" Kistner responded that he had a warrant for defendant's arrest. Defendant tried to leave the room by the rear window, but the officer stationed there told him to get back in the room and answer the front door.

Defendant and Kistner spoke a few more times. Kistner told defendant that he was not going to leave and he would get a key if necessary to enter the room. At one point, Kistner heard movement in the room and "metallic type sounds" coming from the air conditioner unit positioned a few feet from the front door and near the ground. Kistner became concerned that defendant was armed and might possibly try to come out the air conditioner vent, so he and two other officers, who had arrived on the scene, moved a few feet away from the door and around a corner.

After a short time, the officers obtained a key and entered the room. Defendant was standing at the foot of the

---

[1] Defendant never raised any issue under the Fourth Amendment before the trial court and, therefore, we do not consider his argument in that regard.

bed. Kistner noticed a spoon lying on the bed. The officers arrested defendant on the warrants, handcuffed him and placed him on the bed. Then Kistner checked the room and bathroom for other occupants. In the bathroom, he saw a leafy material resembling marijuana swirling in the toilet. He also saw a hypodermic needle and cotton balls in the bathroom trash container, which he associated with the use of methamphetamine or other drugs. Kistner asked defendant whether he had been using drugs in the room, and defendant responded that there were no drugs in the room because he had flushed the marijuana and 1/16th ounce of methamphetamine down the toilet.

Kistner then went to the air conditioner unit in the wall. It appeared to be loose, so he pulled off the front grate. When the grate was removed, he saw a handgun along the side of the unit and two packets on the top of the unit containing a white substance. He seized those items, which are the subject of defendant's motion to suppress. Defendant argued that the evidence should have been suppressed because the search and seizure exceeded the scope of any permissible search incident to arrest.

The trial court ruled:

> "The argument of the State is that probable cause to arrest is justification for a search incident [to an arrest] * * * and that there was probable cause to arrest this defendant in connection with the drug paraphernalia and potential drug substances. As I say, I think it's a close question, but I'm inclined to think that the appellate courts when they get this, will justify the search as incident to the arrest and the probable cause and would deny the motion to suppress. And for that reason, I will do likewise * * *."

■    Defendant argues that the trial court erred in failing to suppress the evidence found in the air conditioner unit, because the search exceeded the scope of a lawful search incident to arrest under Article I, section 9, of the Oregon Constitution. We review that question as a matter of law. *State v. Owens*, 302 Or 196, 729 P2d 524 (1986).

■■    In this case, although the officers arrested defendant on the arrest warrants, they also had probable cause to arrest defendant for possession of controlled substances after they entered the motel room. If an officer arrests an individual for

one crime but also has probable cause to arrest for another, a search for evidence of the other crime is permissible, provided it was otherwise reasonable under the circumstances. *State v. Plummer*, 134 Or App 438, 895 P2d 1384 (1995). As the Supreme Court said in *Owen*,

> "[t]he relationship of the search to the new crime for which the officer has probable cause to arrest, and the reasonableness of the search in time, space and intensity to the new crime are judged as of the time the officer has probable cause to arrest for the new crime." 302 Or at 205.

The undisputed evidence indicates that Kistner saw a leafy green material resembling marijuana swirling in the toilet in defendant's room. He also saw a hypodermic needle and cotton balls in the bathroom trash container, which he associated with the use of methamphetamine or other drugs. Moreover, defendant admitted to Kistner that he had had drugs in his possession but had flushed them down the toilet. Because the police had probable cause to arrest for possession, they could conduct a search that was reasonable in time, scope and intensity for evidence relevant to that suspected crime.

■    Whether a search is reasonable in scope depends on the circumstances of each case. For instance, in *State v. Hartley*, 96 Or App 722, 773 P2d 1356, *rev den* 308 Or 331 (1989), the defendant was arrested for pointing a gun at people in the parking lot of a fast food restaurant. We upheld the search of the defendant's trunk because the officers knew that the defendant had been observed with a gun, they saw him close to the car trunk immediately before they arrested him without the gun, and they learned from witnesses that he had placed the gun in the trunk. We concluded:

> "The search of the trunk was limited in scope to the area of defendant's arrest, and it was reasonable in intensity, given the officers' knowledge of defendant's activities. The ten minutes that passed between the arrest and the search was not an unreasonable time." 96 Or App at 726.

*See also State v. Augard*, 122 Or App 485, 858 P2d 463 (1993) (upholding the search of a closed glove compartment in which the officer sought evidence related to defendant's arrest for driving under the influence of intoxicants).[2]

---

[2] The fact that these cases involve searches of automobiles is of no significance. As we noted in *Hartley*, "the scope of a search of an automobile conducted incident to

In this case, the officers heard noises coming from around the air conditioner and inferred that defendant was tampering with the air conditioner while at the same time he was refusing to allow them to enter the room. Once they entered the room, the officers had probable cause to believe that defendant was in possession of controlled substances while occupying the room. Kirstner also noticed that the air conditioner appeared to be loose. In the light of these facts, the search of the air conditioner was reasonable in scope, time, and intensity. The trial court did not err in refusing to suppress the evidence seized from the air conditioner.[3]

Affirmed.

---

an arrest is subject to the same criteria as any search incident to arrest." 96 Or App at 725.

[3] Defendant argues that the search of the air conditioner occurred beyond the area in his immediate control. He relies on *State v. Arnett*, 104 Or App 180, 799 P2d 687 (1990), and *State v. Minear*, 47 Or App 995, 615 P2d 416, *rev den* 289 Or 741 (1980). However, in *Arnett*, the defendant was arrested for burglary and placed in the dining room while police searched the bedroom for a television and VCR. The police ultimately discovered marijuana after going through a closed trap door in the top of the bedroom closet. *Minear* also involves different facts than this case. In *Minear*, the defendant was already under arrest for possession of a controlled substance and had been removed from his hotel room. The police returned to make a warrantless search. We held that the search was not incident to a lawful arrest and there were no exigent circumstances justifying a warrantless search. Here, the officer's search was limited to the air conditioner based on what he had heard and seen, and was unlike the general warrantless search that occurred in *Minear*.